| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| NEYSA MIGDALIA MALAVÉ QUESADA<br><br>Demandante-Peticionaria<br><br>Vs.<br><br>MAR CHIQUITA HOUSING INVESTMENTS, LLC, IVETTE ORTIZ ZAYAS<br><br>Demandados-Recurridos | TA2026CE00174 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. MT2025CV00204<br><br>Sala: 402<br><br>Sobre: SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

La parte peticionaria, la señora Neyssa Migdalia Malavé Quesada, solicita la revocación de la *Resolución* notificada el 23 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante el dictamen interlocutorio el foro primario reiteró su determinación de no paralizar los procedimientos del caso debido a la presentación del recurso de apelación TA2025AP00693 sobre la sentencia parcial emitida en el caso de título.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

**-I-**

El 29 de octubre de 2025 el foro de primera instancia notificó una *Sentencia Parcial* mediante la cual desestimó con perjuicio la demanda de este caso en lo que respecta a la parte recurrida, la señora Ivette Ortíz Zayas e impuso a la parte peticionaria $1,000 en concepto de honorarios de abogados. El 25 de noviembre de 2025 el foro primario denegó la *Moción de*

*Reconsideración* de la parte peticionaria sobre la sentencia parcial. El 18 de diciembre de 2025 la parte peticionaria presentó un *Recurso de Apelación* sobre la sentencia del 29 de octubre de 2029. El mismo día, la parte recurrente presentó ante el foro recurrido una *Moción de Paralización del Caso de Epígrafe por Presentación del Recurso de Apelación*. El 22 de diciembre de 2025 la parte recurrida, Mar Chiquita Housing Investments, Inc., presentó una *Moción en Oposición a Paralización*. El 23 de enero de 2026 el tribunal notificó *Resolución* en la cual denegó la solicitud de paralización de los procedimientos. La parte peticionaria solicitó reconsideración, pero el foro primario denegó la reconsideración. Inconforme, la parte recurrente comparece ante este tribunal apelativo y señala la comisión de los siguientes errores:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO PARALIZAR EL CASO DE EPÍGRAFE, PESE A QUE LA PARTE RECURTENTE PRESENTÓ UN RECURSO DE APELACIÓN QUE COMPRENDE LA TOTALIDAD DE LOS HECHOS DE LA DEMANDA DE ESTE CASO. ES DECIR, LA RELACIÓN DE HECHOS DE ESTE CASO INVOLUCRA A LAS PARTES CODEMANDADAS-RECURRIDAS DE EPÍGRAFE.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN Y EN CUMPLMIENTO DE ORDEN DE LA PARTE RECURRENTE.

Procedemos a disponer el presente recurso con el beneficio de la comparecencia de la parte recurrida, y el contenido del expediente electrónico.

### -II-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V Regla 52.1, establece las circunstancias excepcionales en las que el Tribunal de Apelaciones está facultado para atender, mediante recurso de *certiorari*, determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO*

*Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017). Cualquier controversia que no esté dentro del ámbito de autoridad establecido en la regla, es revisable después de dictada la sentencia en el caso.

### -III-

A tenor con la Regla 52.1 de Procedimiento Civil, este recurso no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; ni tampoco una anotación de rebeldía ni asuntos de relaciones de familia. *Véase, Scotiabank de Puerto Rico v. ZAF Corporation, supra.*

La controversia no reviste un asunto de interés público tal que justifique apartarnos de la política de revisión judicial limitada aplicable a asuntos interlocutorios. Regla 40 del Tribunal de Apelaciones; *Véase, Job Connection Center v. Sups. Econo, supra,* pág. 594; J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503. Nótese que, la Regla 52.1 de Procedimiento Civil prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011).

### *-IV-*

Por los fundamentos antes expuestos, *denegamos* expedir el recurso extraordinario promovido. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones